IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 99-53 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| GEORGE SNYDER, | ) | |
| | ) | |
| Defendant, | ) | |

**ORDER**

CONTI, District Judge

In this memorandum order, the court considers the motion for return of property filed by defendant George Snyder ("defendant" or "Snyder") with respect to certain documents that were seized during the criminal investigation relating to the above-referenced matter.  After considering the submissions of the parties, the court will deny the defendant's motion.

**Background**

On April 14, 1999, defendant was indicted for two counts of willfully filing materially false individual income tax returns, in violation of 26 U.S.C. § 7206 and one count of attempt to interfere with the administration of internal revenue laws, in violation of 26 U.S.C. § 7212.  At his initial appearance before the court, the defendant pled not guilty.  On May 19, 2000, defendant changed his not guilty plea to a plea of guilty.  Thereafter, on September 13, 2000, defendant filed a motion to withdraw his guilty plea.  The court held a hearing relating to defendant's motion to withdraw his guilty plea on October 10, 2000.  Following the hearing, the court denied defendant's motion.  On October 19, 2000, the court sentenced defendant to 21

months imprisonment at each of counts two and three to be served concurrently and 1 year of supervised release.  The government dismissed count one during the sentencing hearing.  On October 23, 2000, defendant filed a notice of appeal.  The United States Court of Appeals for the Third Circuit affirmed defendant's conviction.

On October 14, 1999, defendant filed a motion for production of copies of seized documents.  The court ordered the government to copy the documents and provide defendant with the subject documents.  Subsequently, copies of the seized documents were delivered to defendant's counsel.  By letter dated August 26, 2003, IRS Special Agent Cynthia Underwood ("Underwood") advised defendant that he should contact her to make arrangements to retrieve his documents.  Government's Response to Defendant's Motion Pursuant to Fed.R.Crim.Proc. 41 to Return property ("Govt. Resp.") Exh.A.  In the company of Tax Fraud Investigative Aide, Randy Pitts, Underwood met defendant on September 16, 2003 and provided him with the remaining documents, which were in the government's possession.  Govt. Resp. Exh.B.

## Discussion

According to Rule 41(g), "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized." Fed.R.Crim.P. 41(g).  "It is well settled that the Government may seize evidence for use in investigation and trial, but that it must return the property once the criminal proceedings have concluded, unless it is contraband or subject to forfeiture."  United States v. Bein, 214 F.3d. 408, 411 (3d Cir.2000).  After the proceedings have concluded, the individual from whom property was seized is presumed to have a right to its return.  United States v. Albinson, 356 F.3d 278, 280 (3d Cir.2004).  The government has the

2

burden to prove it has a legitimate reason to retain the seized property.  Id.  The government cannot prevail if it claims that it no longer possesses the property without documentary support. Id. at 281.  Where the government claims that it no longer possesses the property, the court must determine whether the property is in the government's possession.  Id.  If the property is not in the government's possession, the court must determine what happened to the property.  Id.  In reaching it's determination, the court may rely on affidavits or other documentary evidence.  Id. at 282.

Here, the government has set forth sufficient information to establish that the defendant's property is no longer in its possession.  During the pendency of the criminal proceedings against defendant and pursuant to a court order, the government photocopied seized documents and provided copies of the documents to defense counsel.  Further, on August 26, 2003, Underwood detailed the steps that the defendant should take in order to retrieve his remaining property from the government.  Finally, the government established that defendant met with Underwood and that defendant retrieved all of his remaining property on September 16, 2003.  Accordingly, the government has met its burden of establishing that defendant's property is no longer in its possession and, indeed, has been returned to defendant.

IT IS HEREBY ORDERED THAT defendant's motion pursuant to Federal Rule of Criminal Procedure 41 to return property is DENIED as moot.

By the court:


/s/ Joy Flowers Conti_____
Joy Flowers Conti
United States District Judge